IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOSPAN CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTUIT, INC., MINT SOFTWARE, INC., SHASTA VENTURES GP, LLC, and DOES 1–20, <br><br> Defendant. | No. C 10-04422 WHA <br><br> **ORDER SETTING BRIEFING SCHEDULE AND HEARING ON MOTION TO AMEND COMPLAINT** |

Defendants' motions to dismiss were granted in part by an order issued on December 3, 2010. Despite the explanations set forth in the December 3 order (Dkt. No. 73) and in a subsequent order granting plaintiff's request for clarification of the December 3 order (Dkt. No. 77), plaintiff has labored under a misunderstanding of the procedures these orders established for amending the complaint in this action. Because of this misunderstanding, plaintiff will be given one more chance — and *only* one more chance — to file a motion for leave to amend the complaint.

Plaintiff may file one more motion for leave to amend the complaint. This motion must be filed by **NOON ON JANUARY 31, 2011**. Defendants may file opposition briefs by **FEBRUARY 10, 2011**, and plaintiff may file a reply brief by **FEBRUARY 17, 2011**. A hearing on the motion will be set for **MARCH 3, 2011**. If the March 3 hearing date is truly inconvenient for defendants, then they may suggest an alternative hearing date. Counsel are reminded, however, that due to a large-scale criminal trial scheduled to begin on March 7, time for oral argument will be a scarce resource during the coming months, and the motion may be decided without a hearing unless a young lawyer is assigned to argue the motion.

To forestall any further misunderstandings, plaintiff is advised to consider and comply with the following conditions, which also were stated at the hearing on January 20, 2011. The motion for leave to amend the complaint that is to be filed by noon on January 31 will be plaintiff's last chance to amend the complaint. A proposed amended complaint and a memorandum explaining why it adequately states its claims for relief must be attached to the motion. Plaintiff is ordered to plead factual support for the claims with specificity; for example, if plaintiff claims that an email gives rise to an implied contract, then the content of the email and the circumstances surrounding it should be included. Pleading only generalized legal theories will not be adequate. The burden is on plaintiff to demonstrate an ability to make viable pleadings, and this will be plaintiff's last chance to do so. Plaintiff should plead its absolute best case, including every possible theory, along with factual support for all claims. Plaintiff will not be allowed any further pleading opportunities.

*       *       *

Pending a further order that states otherwise, discovery in this action should be concentrated on the terms, conditions, and circumstances under which defendant Shasta Ventures received any information from plaintiff, and on what effect (if any) Shasta's possession of that information had on the development, use, or color of defendant Mint Software's mint mark. Unless otherwise ordered, a maximum of three depositions may be taken by plaintiff, and a maximum of three total depositions may be taken by all defendants combined. Completion of this discovery is not a prerequisite to the pleading practice set forth above. Indeed, prior experience suggests that this discovery likely will not be completed before a ruling is issued on the state of the pleadings. Nonetheless, in order to avoid delay in preparation of the case for trial, at least the foregoing discovery should commence. All parties are expected to cooperate in the orderly progression of discovery.

**IT IS SO ORDERED.**

Dated: January 20, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2