RODGER R. COLE (CSB NO. 178865)
rcole@fenwick.com
SONGMEE L. CONNOLLY (CSB NO. 228555)
sconnolly@fenwick.com
JOSEPH S. BELICHICK (CSB NO. 229371)
jbelichick@fenwick.com
SEAN S. WIKNER (CSB NO. 268319)
swikner@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
Facsimile: (650) 938-5200

Attorneys for Defendants and Counter-Claimants
INTUIT INC. and MINT SOFTWARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INNOSPAN CORP., <br><br> Plaintiff, <br><br> v. <br><br> INTUIT; MINT SOFTWARE INC.; SHASTA VENTURES GP, LLC, <br><br> Defendants. | Case No. C10-04422 WHA (JCS) <br><br> **[PROPOSED] ORDER GRANTING INTUIT INC. AND MINT SOFTWARE INC.'S REQUEST FOR DISCOVERY RELIEF** |
| INTUIT INC. and MINT SOFTWARE INC., <br><br> Counter-Claimants, <br><br> v. <br><br> INNOSPAN CORP. and HONG-SEOK KIM, <br><br> Counter-Defendants. | |

[PROPOSED] ORDER GRANTING INTUIT'S
REQUEST FOR DISCOVERY RELIEF

CASE NO. C10-04422 WHA (JCS)

# ORDER

1. Before the Court is Intuit's [Proposed] Joint Submission containing Defendants Intuit Inc. and Mint Software Inc.'s (collectively, "Intuit's") request for discovery relief, filed on June 2, 2011.

2. Having considered the [Proposed] Joint Submission, IT IS HEREBY ORDERED that Intuit's request for discovery relief is GRANTED as follows:

3. Plaintiff and Counter-Defendant Innospan Corp. ("Plaintiff" or "Innospan") and Counter-Defendant Hong-Seok Kim ("Kim") shall allow Intuit to conduct forensic searches of their electronic media and web-based accounts in compliance with the following protocols set forth in **Exhibit A** hereto.

**IT IS SO ORDERED.**

Dated: __June 10__, 2011

THE HONORABLE JOSEPH S. SPERO
United States Magistrate Judge

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**Exhibit A: Protocols for Forensic Search**

The third-party vendor selected to perform the work described in this Order Granting Intuit's Request for Discovery Relief ("Order") may not disclose the contents of any of the copied media described herein except as authorized by this Order (or otherwise authorized by the Court) or unless otherwise consented to by Plaintiff. Moreover, the third-party vendor may only conduct searches and examinations of the media described herein as authorized by this Order (or otherwise authorized by the Court) or unless otherwise consented to by Plaintiff.

**Computer Media Protocol:**

1. No later than June 10, 2011, Plaintiff and Kim shall identify all computers, hard drives, i-Nail machines, or other devices capable of storing electronic information to counsel for Intuit.

2. No later than June 13, 2011, an agreed upon qualified outside vendor will access all of Plaintiff's and Kim's computer media (including without limitation all servers, computers, hard drives, or other electronic media) in the possession, custody or control of Plaintiff or Kim to make forensic copies of the media.

3. Search terms, attached hereto as Exhibit B to the Order Granting Intuit's Request for Discovery Relief, tailored to capture the documents sought by the Requests for Production (the "Responsiveness Filter"), will then be run against the data stored on the media.

4. A second set of search terms designed to capture any privileged documents (the "Privilege Screen") will then be run against the data set obtained by running the Responsiveness Filter. The Privilege Screen search terms are attached hereto as Exhibit C.

5. The results of the Privilege Screen will then be provided to Kim and Plaintiff's attorney for a subsequent privilege review.

6. Any documents contained in the data set obtained by running the Responsiveness Filter that are not captured by the Privilege Screen will be bates numbered and concurrently produced to all parties of record for review.

7. Within a reasonable period of time, no longer than 14 days, Plaintiff's counsel will produce any non-privileged documents captured by the Privilege Screen to all parties of record

[PROPOSED] ORDER GRANTING INTUIT'S REQUEST FOR DISCOVERY RELIEF     2     CASE NO. C10-04422 WHA (JCS)

and will provide a privilege log identifying all allegedly privileged documents withheld from production.

8. The technical expert examining the imaged computer media will then provide a report identifying any abnormalities found and discussing whether any data has been lost or destroyed.

**Internet Media Protocol:**

1. No later than June 10, 2011, Plaintiff and Kim shall identify all Internet-based accounts storing electronic information of Plaintiff or any company owned or controlled in whole or in part by Kim to counsel for Intuit, including identification of all Internet-based accounts storing electronic information used by Plaintiff or any company owned or controlled in whole or in part by Kim between 2005 to the present.

2. No later than June 13, 2011, an agreed upon qualified outside vendor will be provided with login and password information for all Internet-based accounts storing electronic information of Plaintiff or any company owned or controlled in whole or in part by Kim, including but not limited to the following Internet-based accounts:

    (a) All email accounts used by H.S. Kim, including but not limited to Hydro_kim@yahoo.com, HKim@mintcom.net, Hkim@mvigo.com, admin@mintcom.net, and kimhs@posdata.co.kr.

    (b) All Yahoo! based webhosting accounts for www.mintcom.net, inailparty.com, i-nail.net or any other webhosting account affiliated with Plaintiff.

    (c) Any webhosting account used by www.gleeu.net.

3. The Responsiveness Filter will then be run against all data stored in Plaintiff's Internet-based accounts.

4. The Privilege Screen will then be run against the data set obtained by running the Responsiveness Filter.

5. The results of the Privilege Screen will then be provided to Plaintiff's attorney for a subsequent privilege review.

6. Any documents contained in the data set obtained by running the Responsiveness Filter that are not captured by the Privilege Screen will be bates numbered and concurrently produced to all parties of record for review.

7. Within a reasonable period of time, no longer than 14 days, Plaintiff's counsel will produce any non-privileged documents captured by the Privilege Screen to all parties of record and will provide a privilege log identifying all allegedly privileged documents withheld from production.

8. The technical expert examining the Internet-based accounts and will then provide a report identifying any abnormalities found and discussing whether any data has been lost or destroyed.

9. If any abnormalities are found or if any data is found to have been deleted, Plaintiff and Kim shall provide all necessary assistance in the recovery of any such data, including by way of providing any consent necessary to allow the applicable service provider to restore or recover any lost data.

[PROPOSED] ORDER GRANTING INTUIT'S
REQUEST FOR DISCOVERY RELIEF                4                CASE NO. C10-04422 WHA (JCS)

**Exhibit B**

*coneybeer*
Tod* /2 francis
*Pressman*
*putorti*
*yi*
*corecess*
*Mint*
*guo*
*maydesign*
trademark*
Trade /2 mark*
design*
Innospan*
Infring*
Registration*
Logo*
Service /2 mark*
servicemark*
trade /2 name*
Tradename*
*Shasta*
*Gleeu*
"i-nail"
*inail*
IT /2 Consulting
confus*
mobile /2 printer
vdsl-2
wimax
g.hn
gpon
IPTV
home /2 network*
Mobile /2 app*
Rivermark /2 dental
Cutey /3 nails
*Mvigo*
*jenosis*
*corecom*
*acrowave*

[PROPOSED] ORDER GRANTING INTUIT'S REQUEST FOR DISCOVERY RELIEF     5     CASE NO. C10-04422 WHA (JCS)

| | |
|---|---|
| 1 | *tellion* |
| 2 | Memorandum /3 understand! |
| 3 | Asset /3 purchase |
| 4 | Foundation /3 capital<br>*foundationcap* |
| 5 | *grosser* |
| 6 | *STIC*<br>*Firooz* |
| 7 | *massoudi* |
| 8 | P.T.O<br>PTO |
| 9 | Trademark /2 office<br>Copyright /2 office |
| 10 | Assign* |

**Exhibit C**

Marquis
Marquis IP
Brookstone Law
Brookstone
deposition
copyright
trademark
trade secrets
proprietary
attorney
client
litigation
suit
confidential
privilege(d)
attorney/client
strategy
opinion
plan
fee agreement
retain
retainer
legal advice
legal service
legal question
damages
punitive damages
treble damages
insurance
complaint
counterclaim
counterclaims
affirmative defenses
liability
liable
liabilities
waive
waiver
responsible
temporary restraining order
fault
TRO
preliminary injunction

| | |
|---|---|
| 1 | injunction |
| 2 | expert witness |
| | third party witness |
| 3 | 3rd party interview |
| 4 | evidence |
| | witness |
| 5 | discovery |
| 6 | interrogatories |
| | requests to produce |
| 7 | product |
| | request for admissions |
| 8 | investigation |
| 9 | internal |
| | publicity |
| 10 | press release |
| | fees |
| 11 | legal fees |
| 12 | compensation |
| | incentive |
| 13 | recovery |
| 14 | misappropriation |
| | conversion |
| 15 | lawyer |
| | settlement |
| 16 | settle |
| 17 | morgan |
| | lewis |
| 18 | reiland |
| 19 | lawyer |
| | litigation |
| 20 | john park |
| 21 | sujung |
| | sujung park |
| 22 | park |
| | sujung.park |
| 23 | spark |
| 24 | kristine |
| | sue |
| 25 | sue lee |
| 26 | associate |
| | tax |
| 27 | declaration |
| | agreement |
| 28 | job |

[PROPOSED] ORDER GRANTING INTUIT'S REQUEST FOR DISCOVERY RELIEF          8          CASE NO. C10-04422 WHA (JCS)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

| | |
|---|---|
| 1 | lawsuit |
| 2 | brian<br>song |
| 3 | brian song |
| 4 | briansong<br>lawyersong |
| 5 | william<br>levin |
| 6 | williamlevin |
| 7 | bill<br>William E. Levin |
| 8 | fenwick |
| 9 | cooley<br>fee |
| 10 | separation |
| 11 | lawyer<br>legal |
| 12 | law<br>lawful |
| 13 | unlawful |
| 14 | sanction<br>lawsuit |
| 15 | suit<br>trial |
| 16 | evidence |
| 17 | john<br>john park |
| 18 | Morgan lewis |
| 19 | wife<br>spouse |
| 20 | order |
| 21 | judgment<br>agreement |
| 22 | position<br>credibility |
| 23 | motion |
| 24 | law office<br>represent |
| 25 | landlord<br>tenant |
| 26 | claim |
| 27 | malicious<br>insurance |
| 28 | tax return |

Fenwick & West LLP
Attorneys at Law
Mountain View

[PROPOSED] ORDER GRANTING INTUIT'S REQUEST FOR DISCOVERY RELIEF     9     CASE NO. C10-04422 WHA (JCS)

| | |
|---|---|
| 1 | property tax |
| 2 | damage |
|   | damages |
| 3 | action |
|   | tax appeal |
| 4 | carlquistlaw |
| 5 | klgates |
|   | pillsburylaw |
| 6 | kilpatricktownsend |
| 7 | idellseitel |
|   | dlapiper |
| 8 | yasinlaw |
|   | WHA |
| 9 | e-discovery |
| 10 | forensic |
|   | IRS |
| 11 | CPA |
| 12 | cpa |
|   | Disclosure |

(*The use of the singular form of any word includes the plural, and the use of the plural form includes the singular form. And also, the use of the capital letter of any word includes the lower case, and the use of the lower case should include the capital letter.)

16319/40065/SF/5342420.5