UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOSPAN CORP,<br><br>        Plaintiff(s),<br><br>   v.<br><br>INTUIT INC., ET. AL.,<br><br>        Defendant(s).<br>_____/ | Case No. C10-04422 WHA (JCS)<br><br>**DISCOVERY ORDER [Docket Nos. 197, 204, and 207]** |

The Court received three more Joint Letters in the space of nine days: September 6, 2011 (docket no. 197), September 15, 2011 (docket no. 204) and again on September 15, 2011 (docket no. 207).

On September 30, 2011, a telephonic hearing was held on these Joint Letters. Brian Song, counsel for Plaintiff, appeared. Rodger Cole, counsel for Defendants Intuit and Mint Software, appeared.

For the reasons stated on the record, IT IS HEREBY ORDERED THAT:

1. Counsel for Plaintiff **WITHDREW** docket number 197 on the record.

2. All relief sought by Plaintiff on docket number 204 is **DENIED** for the reasons stated at the hearing.

3. For the reasons stated at the hearing, the application by Defendants Intuit and Mint Software in docket number 207 is **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. The request to exclude any reference or proof regarding Mr. Yi or Rivermark Dental is **DENIED**. The Court's previous order only imposed the following exclusion: "[Plaintiff] will be barred from using Yi, or anyone from any of

Yi's companies . . . as witnesses in this case. In addition . . . Plaintiff will be barred from using Lee and Rivermark Dental as witnesses in this case."

b. On or before **October 4, 2011**, Plaintiff shall produce all documents listed on the August 18 privilege screen list, except for privileged and work product communications between Mr. Song or his associate and Mr. Kim. A privilege log of all such withheld documents shall be served by **October 7, 2011**.

c. On or before **October 7, 2011**, Plaintiff shall produce all documents listed on his privilege logs in this case for which he has asserted a privilege based on communication with an accountant. By such date, Plaintiff shall also produce all documents listed on his privilege logs which were communicated to persons not within the attorney client privilege – as identified by the Pink highlighting on Mr Belichick's declaration (Docket 207-1) exhibits 18-22.

d. On or before **October 7, 2011**, Plaintiff shall serve new privilege logs correcting the following errors:

(1) Plaintiff shall describe the subject matter of the withheld communications in sufficient detail for the parties to discern the privileged nature of the communications (Belichick declaration Red highlighting, exhibits 18-22).

(2) Plaintiff shall specify all persons receiving the documents withheld (Belichick declaration Orange highlighting, exhibits 18-22); Plaintiff need not specify the individual at the Morgan Lewis law firm to whom a privileged communication was sent, or from whom such a communication was received.

(3) Plaintiff shall separately identify and log all documents, including attachments (Belichick declaration, Green highlighting, exhibits 18-22).

      (4) Plaintiff shall produce for *in camera* inspection all documents withheld under the spousal privilege (Belichick declaration Blue highlighting, Exhibits 18-22).

  e. All other relief is **DENIED**.

IT IS SO ORDERED.

Dated: October 3, 2011

_____
JOSEPH C. SPERO
United States Magistrate Judge