1  RODGER R. COLE (CSB NO. 178865)
   rcole@fenwick.com
2  SONGMEE L. CONNOLLY (CSB NO. 228555)
   sconnolly@fenwick.com
3  JOSEPH S. BELICHICK (CSB NO. 229371)
   jbelichick@fenwick.com
4  SEAN S. WIKNER (CSB NO. 268319)
   swikner@fenwick.com
5  MOLLY MELCHER (CSB NO. 272950)
   mmelcher@fenwick.com
6  FENWICK & WEST LLP
   Silicon Valley Center
7  801 California Street
   Mountain View, California  94041
8  Telephone: (650) 988-8500
   Facsimile:  (650) 938-5200
9
   Attorneys for Defendants and Counter-Claimants
10 INTUIT INC. and MINT SOFTWARE INC.

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                       SAN FRANCISCO DIVISION

14

15 INNOSPAN CORP.,                        Case No. C10-04422 WHA (JCS)

16            Plaintiff,                  **STIPULATED AND [PROPOSED]
                                          ORDER COMPELLING FURTHER
17     v.                                 DISCOVERY RESPONSES AND
                                          DOCUMENTS FROM PLAINTIFF**
18 INTUIT INC.; MINT SOFTWARE INC.;
   SHASTA VENTURES GP, LLC; and           Dept:    G, 15th Floor
19 DOES 1-20,                             Judge:   Honorable Joseph C. Spero

20            Defendants.

21

22 INTUIT INC. and MINT SOFTWARE
   INC.,
23
              Counter-Claimants,
24
       v.
25
   INNOSPAN CORP. and HONG-SEOK
26 KIM,

27            Counter-Defendants.

28
   STIP. & ORDER COMPELLING FURTHER                        CASE NO. C10-04422 WHA (JCS)
   DISCOVERY RESPONSES AND
   DOCUMENTS FROM PLAINTIFF

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**STIPULATION**

WHEREAS, on August 16, 2011, Defendants Intuit Inc. ("Intuit") served Plaintiff Innospan Corp. ("Plaintiff") with a Third Set of Interrogatories and a Fourth Set of Requests for Production of Documents.

WHEREAS, on August 16, 2011, Mint Software Inc. ("Mint") served Plaintiff with a First Set of Interrogatories;

WHEREAS, on September 15, 2011, Plaintiff served its responses to the above-noted sets of discovery requests;

WHEREAS, on September 16, 2011, the Intuit Defendants sent a detailed meet-and-confer letter to Plaintiff regarding its discovery responses;

WHEREAS, on September 19, 2011, Plaintiff sent a meet-and-confer letter and served amended discovery responses;

WHEREAS, on September 19, 2011, the Intuit Defendants sent another meet-and-confer letter to Plaintiff regarding its discovery responses, including its amended responses, and requested an in-person meet-and-confer on September 24, 2011;

WHEREAS, on September 21, 2011, Plaintiff served additional amended discovery responses;

WHEREAS, on September 28, 2011, the parties conducted an in-person meet-and-confer regarding Plaintiff's and the Intuit Defendants' discovery responses, at which time the parties agreed to further respond about the issues raised by Friday, September 30, 2011.

WHEREAS, on September 28, 2011, the Intuit Defendants provided Plaintiff with a summary of the outstanding discovery issues, and requested a response by September 30, 2011, and amended responses by October 3, 2011.

WHEREAS, on September 30, 2011, the Intuit Defendants responded to the alleged deficiencies with Intuit's discovery responses raised by Plaintiff at the in-person meet-and-confer, providing further information in response to most issues and confirming that the remaining responses were sufficient.

WHEREAS, Plaintiff, lacking resources, did not respond to the outstanding meet-and-

STIP. & ORDER COMPELLING FURTHER
DISCOVERY RESPONSES AND
DOCUMENTS FROM PLAINTIFF

1

CASE NO. C10-04422 WHA (JCS)

confer issues on September 30 or October 3, 2011;

WHEREAS, on October 3, 2011, the Intuit Defendant again asked Plaintiff to respond to the outstanding meet-and-confer issues;

WHEREAS, Plaintiff said that it would respond regarding the outstanding meet-and-confer issues by 3:00 p.m. on Tuesday, October 4, 2011, but failed to do so, lacking any resources to do so;

WHEREAS, the deadline for filing any Joint Letters to compel further discovery responses and documents is Friday, October 7, 2011

WHEREAS, the Intuit Defendants have sufficiently established the right to compel further amended discovery responses and additional documents from Plaintiff, and Plaintiff has agreed to provide further amended discovery responses and additional documents but has requested additional time to do so; and

WHEREAS, to avoid burdening the parties and the Court with unnecessary motion practice.

NOW, THEREFORE, IT IS HEREBY STIPULATED by the parties through their counsel of record that:

1. By October 14, 2011 at 5:00 p.m., Plaintiff must serve fully complete, detailed, and verified amended responses to Intuit's Interrogatory Nos. 17, 18, 19, 20, 21, 22, and 25, including identification of all supporting evidence, whether documentary (by bates number) or testimonial (by witness name); provided that the identification of testimonial evidence shall not require "script"-like description.

2. By October 14, 2011 at 5:00 p.m., Plaintiff must serve fully complete, detailed, and verified amended responses to Mint's Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, and 22, including identification of supporting evidence where applicable, whether documentary (by bates number) or testimonial (by witness name); provided that the identification of testimonial evidence shall not require "script"-like description.

3. By October 14, 2011 at 5:00 p.m., Plaintiff must serve fully complete amended responses to Intuit's Requests for Production of Documents Nos. 108-123, confirming whether any paper document exist and producing all such paper documents (by October 14, 2011 at 5:00 p.m.), and specifically obtaining from third parties as required and producing all corporate and financial documents responsive to Nos. 121, 122, and 123 (by October 14, 2011 at 5:00 p.m.).provided that the obligation of production shall not require Plaintiff to actually create or prepare hitherto non-existing documents and provided further that the cost of

requesting production of documents from a third party is not unreasonably oppressive

4. By Monday, October 10, 2011 at 5:00 p.m., the parties must instruct DriveSavers as follows:

   A. Search terms, attached hereto as Exhibit A, tailored to capture the documents sought by Intuit will be run against the first and second batches of unfiltered data of Plaintiff (the "Responsiveness Filter").

   B. A second set of search terms designed to capture any privileged documents (the "Narrowly Defined Privileged Screen") will then be run against the data set obtained by running the Responsiveness Filter. The Narrowly Defined Privileged Screen search terms are attached hereto as Exhibit B.

   C. The results of the Narrowly Defined Privileged Screen will then be provided to Plaintiff's attorney. Plaintiff's attorney then shall review and release any non-privileged documents to Defendant but shall not be required to create any other privilege log.

   D. Any documents contained in the data set obtained by running the Responsiveness Filter that are not captured by the Narrowly Defined Privileged Screen will be bates numbered and concurrently produced to all parties of record for review; provided that any mistakenly released privileged documents may be addressed pursuant to Paragraph 11 of the Stipulated Protective Order

   E. Intuit is entitled to add new search terms to Exhibit A with Plaintiff's consent, which will not be unreasonably withheld. If this occurs, the same process outlined in this Paragraph 4 will be followed for such new terms and the Narrowly Defined Privileged Screen regarding such new terms.

5. Because the Narrowly Defined Privileged Screen documents are protected under Attorney-Client communication, Attorney Work Product, and/or Trial Preparation privileges, none of which Defendants would be entitled to receive under the normal circumstances and the parties desire efficient discovery practices rather than taking advantages of the opponent's lack of resources, Plaintiff is no longer required to create and deliver any further privilege logs.

6. In lieu of complying with Paragraphs 3(c) and 3(d) of the Discovery Order dated October 3, 2011 (Dkt. # 212), Plaintiff has the option of instructing the Third Party Vendor to deliver the First Batch documents excluding any documents filtered out by applying the same Narrowly Defined Privilege Terms..

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

STIP. & ORDER COMPELLING FURTHER DISCOVERY RESPONSES AND DOCUMENTS FROM PLAINTIFF

3

CASE NO. C10-04422 WHA (JCS)

| | | |
|---|---|---|
| Dated: October 10, 2011 | | FENWICK & WEST LLP |

By: /s/ Rodger R. Cole
 Rodger R. Cole

Attorneys for Defendants
INTUIT INC. AND MINT SOFTWARE INC.

Dated: October 10, 2011 LAW OFFICE OF BRIAN SONG

By: /s/ Brian H. Song
 Brian H. Song

Attorneys for Plaintiff
INNOSPAN CORP.

**ATTESTATION PURSUANT TO GENERAL ORDER 45**

Pursuant to General Order No. 45, Section X.B., I hereby attest that I have obtained concurrence of the above noted signatories as indicated by a "conformed" signature (/s/) within this e-filed document.

DATED: October 6, 2011

By: /s/ Rodger R. Cole
 Rodger R. Cole

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: 10/11 , 2011
Hon. Joseph C. Spero
United States Magistrate Judge

**Exhibit A**

**New Terms**

*Venture* /2 *capital*

fund*

*Pequot*

*Ikanos*

*VDSL*

*Marvell*

*FlexLight*

*Young* /2 *Kim*

Loan*

Mortgage*

*financ*

*cafeo*

*cuteynail*

*i-nail*

*Pereira*

*Armando*

understand*

*gpon*

*Infineon*

*Conexant*

*kahng*

**Exhibit B**

"Narrowly Defined Privileged Terms"

briansong, brian song, brianhsong, brian h song, sujung.park, @lawyersong.com, 188662, bsong, bhsong, sujung, sujungpark, sujung park, william levin, bill Levin, marquis, brianhsong@gmail.com, williamlevin, sujungp@gmail.com, marquis-ip.com, lawyersong.com, brookstone-law.com

STIP. & ORDER COMPELLING FURTHER DISCOVERY RESPONSES AND DOCUMENTS FROM PLAINTIFF        6        CASE NO. C10-04422 WHA (JCS)