RODGER R. COLE (CSB NO. 178865)
rcole@fenwick.com
SONGMEE L. CONNOLLY (CSB NO. 228555)
sconnolly@fenwick.com
JOSEPH S. BELICHICK (CSB NO. 229371)
jbelichick@fenwick.com
SEAN S. WIKNER (CSB NO. 268319)
swikner@fenwick.com
MOLLY MELCHER (CSB NO. 272950)
mmelcher@fenwick.com
FENWICK & WEST LLP
Silicon Valley Center
801 California Street
Mountain View, California  94041
Telephone: (650) 988-8500
Facsimile:    (650) 938-5200

Attorneys for Defendants and Counter-Claimants
INTUIT INC. and MINT SOFTWARE INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| INNOSPAN CORP., <br><br>　　　　　Plaintiff, <br><br>　　v. <br><br>INTUIT INC.; MINT SOFTWARE INC.; SHASTA VENTURES GP, LLC; and DOES 1-20, <br><br>　　　　　Defendants. | Case No. C10-04422 WHA (JCS) <br><br>**AMENDED [PROPOSED] ORDER GRANTING INTUIT INC. AND MINT SOFTWARE INC.'S REQUESTED DISCOVERY RELIEF** |
| INTUIT INC. and MINT SOFTWARE INC., <br><br>　　　　　Counter-Claimants, <br><br>　　v. <br><br>INNOSPAN CORP. and HONG-SEOK KIM, <br><br>　　　　　Counter-Defendants. | |

# ORDER

Before the Court are the Letters Requesting Discovery Relief filed by Defendants Intuit Inc. and Mint Software Inc. (collectively, "Intuit") on October 7, 2011 (Dkt. # 214) and October 13, 2011 (Dkt. # 225), respectively.

Having considered Intuit's Letters Requesting Discovery Relief, the Declarations of Joseph S. Belichick and Rodger R. Cole in support thereof, accompanying exhibits, the record in this action, and all other papers submitted and arguments made by the parties,

THE COURT HEREBY ORDERS THAT Intuit's Requested Discovery Relief is **GRANTED** as follows:

1. By October 28, 2011, Plaintiff must serve fully complete, detailed, and verified amended responses to Intuit's Interrogatory Nos. 17, 18, 19, 20, 21, 22, and 25, including identification of all supporting evidence, whether documentary (by bates number) or testimonial (by witness name); provided that the identification of testimonial evidence shall not require "script"-like description.

2. By October 28, 2011, Plaintiff must serve fully complete, detailed, and verified amended responses to Mint's Interrogatory Nos. 13, 14, 15, 16, 17, 18, and 22, including identification of supporting evidence where applicable, whether documentary (by bates number) or testimonial (by witness name); provided that the identification of testimonial evidence shall not require "script"-like description.

3. ~~Intuit's Third Set of Requests for Admission Nos. 115-254 are deemed admitted by Plaintiff because of its failure to serve timely and adequate answers in full compliance with Fed. R. Civ. P. 36. ALTERNATIVELY: By October __, 2011, Plaintiff must serve further detailed answers to Intuit's Third Set of Requests for Admission in full compliance with Fed. R. Civ. P. 36~~. *JCS*

4. By October 28, 2011, Plaintiff must serve fully complete amended responses to Intuit's Requests for Production of Documents Nos. 108-123, confirming whether any paper document exist and producing all such paper documents (by October 28, 2011)~~, and specifically obtaining from third parties as required and producing all corporate and financial documents responsive to Nos. 121, 122, and 123 (by October __, 2011); provided that the obligation of production shall not require Plaintiff to actually create or prepare hitherto non-existing document~~s. *JCS*

5. By October 28, 2011, the parties must instruct DriveSavers as follows:

   A. Search terms, attached hereto as Exhibit A, tailored to capture the documents sought by Intuit will be run against the first and second batches of unfiltered data of Plaintiff (the "Responsiveness Filter").

   B. A second set of search terms designed to capture any privileged documents (the "Narrowly Defined Privileged Screen") will then be run against the data set obtained by running the Responsiveness Filter. The Narrowly Defined Privileged Screen search terms are attached hereto as Exhibit B.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

  C. The results of the Narrowly Defined Privileged Screen will then be provided to Plaintiff's attorney.  Within one week of receipt thereof, Plaintiff's attorney must review the documents captured by the Narrowly Defined Privileged Screen and release any non-privileged documents to Intuit.  Non-privileged documents captured by the Narrowly Defined Privilege Screen, include but are not limited to, any documents involving third parties resulting in waiver of the privilege, or any other documents that do not meet the privilege standard on their face.  However, Plaintiff shall not be required to create any privilege log of any privileged documents withheld based on the Narrowly Defined Privileged Screen in connection with the further production of documents pursuant to this Paragraph 5.

  D. Any documents contained in the data set obtained by running the Responsiveness Filter that are not captured by the Narrowly Defined Privileged Screen will be bates numbered and concurrently produced by DriveSavers without delay to all parties of record for review; provided that any mistakenly released privileged documents may be addressed pursuant to Paragraph 11 of the Stipulated Protective Order (Dkt. # 35).

  E. Intuit is entitled to add new search terms to Exhibit A with Plaintiff's consent, which will not be unreasonably withheld.  If this occurs, the same production process outlined in this Paragraph 5 will be followed for such new terms and the Narrowly Defined Privileged Screen regarding such new terms.

6. In lieu of complying with Paragraphs 3(c), and 3(d) of the Discovery Order dated October 3, 2011 (Dkt. # 212), Plaintiff has the option of waiving any applicable privileges or protections and producing all of the identified documents to Intuit.

7. ~~Plaintiff must show cause within one week why Plaintiff and its counsel should not have to pay attorneys' fees in the amount of at least $33,000 to Intuit for Plaintiff's discovery noncompliance~~.

JCS

**IT IS SO ORDERED.**

Dated: _____10/21_____, 2011

_____
Hon. Joseph C. Spero
United States Magistrate Judge

AMND. [~~PROPOSED~~] ORDER GRANTING INTUIT'S REQUESTED DISCOVERY RELIEF   2   CASE NO. C10-04422 WHA (JCS)

**Exhibit A**

**New Terms**

*Venture* /2 *capital*

fund*

*Pequot*

*Ikanos*

*VDSL*

*Marvell*

*FlexLight*

*Young* /2 *Kim*

Loan*

Mortgage*

*financ*

*cafeo*

*cuteynail*

*i-nail*

*Pereira*

*Armando*

understand*

*gpon*

*Infineon*

*Conexant*

*kahng*

**Exhibit B**

"Narrowly Defined Privileged Terms"

briansong, brian song, brianhsong, brian h song, sujung.park, @lawyersong.com, 188662, bsong, bhsong, sujung, sujungpark, sujung park, william levin, bill Levin, marquis, brianhsong@gmail.com, williamlevin, sujungp@gmail.com, marquis-ip.com, lawyersong.com, brookstone-law.com