**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| INNOSPAN CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>INTUIT INC., MINT SOFTWARE, INC.,<br>SHASTA VENTURES GP, LLC, and<br>DOES 1–20,<br><br>Defendants. | No. C 10-04422 WHA<br><br>**ORDER DENYING<br>PRÉCIS REQUEST** |

A month before plaintiff Innospan Corporation's deadline to pay discovery sanctions, it submits a précis request to file a motion to certify an interlocutory appeal of — or, in the alternative, a Rule 60(b) motion for relief from — the sanction orders. Because plaintiff fails to identify any possible ground for satisfying the applicable statutory standards, the request is **DENIED**.

An interlocutory appeal is appropriate when (1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. 1292; *In re Cement Antitrust Litigation*, 673 F.2d 1020, 1026 (9th Cir. 1982). Plaintiff's précis request utterly fails to identify any controlling legal question or any differences of opinion regarding such legal questions. The request to file a motion to certify an interlocutory appeal is **DENIED**.

A motion for relief from the sanction orders requires (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence that, with reasonable diligence, could not have been discovered, (3) fraud, misrepresentation, or misconduct by an opposing party, or (4) any other reason that justifies relief. Rule 60(b). Instead of identifying any sufficient grounds for a Rule 60(b) motion, plaintiff's précis request rehashes arguments already considered and rejected by this Court. *First*, plaintiff argues that the calculation of monetary sanctions for its discovery abuses was "unfair" because defendant's preliminary and final requests were too different. This argument has already been rejected by a prior order (Dkt. No. 192). That order found Magistrate Judge Spero's calculation of the monetary sanction reasonable. This order holds the same. *Second*, plaintiff points to emails that were not before Magistrate Judge Spero when he issued the sanction orders. This evidence fails to satisfy the Rule 60(b) standard for two glaring reasons: (1) the evidence would have been immaterial to the sanction orders and (2) the emails could have been discovered with reasonable diligence. The evidence would have been immaterial because it does not refute Judge Spero's findings that plaintiff's CEO tampered with witness testimony. Also, the evidence could have been discovered with reasonable diligence because it was *plaintiff's own emails.* Plaintiff's failure to discover its own emails shows a lack of reasonable diligence.

For the reasons stated, plaintiff's request to file a motion to certify an interlocutory appeal or, in the alternative, a Rule 60(b) motion for relief is **DENIED**.

**IT IS SO ORDERED.**

Dated: February 24, 2012.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

2